# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    *Plaintiff,*

vs.

    Case No. 11-10117-EFM

OSCAR GALINDO,

    *Defendant.*

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant Oscar Galindo's Petition for Writ of Error Coram Nobis and for Oral Argument (Doc. 71) and the Government's response, Motion for Order Dismissing Defendant's Coram Nobis Petition (Doc. 72). Having carefully reviewed both submissions, the Court dismisses Galindo's petition and grants the Government's motion for the reasons discussed below.

### I.    Factual and Procedural Background

Several state and federal agencies jointly investigated a drug conspiracy that allegedly included Galindo. In January 2011, a cross-deputized officer involved in that investigation located and arrested Galindo. During the encounter leading to Galindo's arrest, Galindo unlawfully identified himself with a Social Security card belonging to another individual. Following his arrest, Kansas prosecuted Galindo and several others for drug offenses. A wiretap

investigation produced much of the evidence supporting those state drug prosecutions. In a companion case, the Kansas district court invalidated the original wiretap application and accompanying evidence. Kansas appealed. But in April 2011 pending that appeal, Kansas dismissed without prejudice the drug charges against Galindo.

In July 2011, the federal government indicted Galindo based solely on his conduct at the time of his arrest. The four-count indictment charged Galindo with possession of fraudulent documents to be present or employed in the United States, false statements, and two counts of aggravated identity theft in connection with the preceding charges.[1] In April 2012, a jury convicted Galindo on all counts. Following the trial, Galindo moved for judgement of acquittal or a new trial. Galindo generally argued that the Government failed to produce sufficient evidence of his guilt. Relevant to this petition, Galindo specifically disagreed that the evidence proved, beyond a reasonable doubt, either that the Social Security card Galindo produced to his arresting officer constituted evidence of authorized stay or employment in the United States or that his arresting officer was acting as a federal agent. The Court rejected these arguments and denied Galindo's motion.[2] The following July, the Court sentenced Galindo to 38 months in prison with a subsequent 1 year period of supervised release.

Galindo appealed his conviction. On appeal, Galindo argued that the Government produced insufficient evidence at trial to support his conviction. Galindo's challenge raised the same arguments that this Court rejected in his post-trial motion. In December 2013, the Tenth

---

[1] *See* 18 U.S.C. §§ 1001(a)(2) [Count 3], 1028(a)(1) [Counts 2 & 4], and 1546(a) [Count 1].

[2] *See United States v. Galindo*, No. 11-10117-EFM, 2012 WL 1945142 (D. Kan. May 30, 2012), *aff'd* 543 F. App'x 862 (10th Cir. 2013).

Circuit affirmed this Court and upheld Galindo's conviction as to each count.[3]  During this time, Galindo remained in the custody of the Bureau of Prisons ("BOP").

The BOP released Galindo from their custody on March 26, 2014.  Immigration and Customs Enforcement ("ICE") then detained Galindo immediately following his release from the BOP to initiate deportation proceedings against him based on his aggravated felony conviction.[4]  At the time Galindo filed this petition, he remained in ICE custody pending appeal of the Immigration Court's decision to order his removal from the United States to Mexico.[5]  Galindo is a Mexican citizen and had been a lawful permanent resident.

On October 27, 2014, Galindo filed pro se a pleading seeking a writ of error coram nobis to vacate the conviction underlying his deportation proceedings.  Galindo argues that the Government obtained his conviction through prosecutorial misconduct and that he received ineffective assistance of counsel.  From these alleged errors, Galindo concludes that his conviction violates his Fifth and Sixth Amendment Rights and, consequently, provides an inadequate basis for his removal from the United States.  The Government immediately filed a motion to dismiss Galindo's petition, arguing that Galindo inappropriately requests non-custodial post-conviction relief while still in the Government's custody.

---

[3] *See United States v. Galindo*, 543 F. App'x 862 (10th Cir. 2013).

[4] *See* 8 U.S.C. §§ 1101(a)(43)(p) [defining aggravated felony to include conviction under 18 U.S.C. § 1546(a)] and 237(a)(2)(A)(iii) [authorizing deportation of any alien convicted of an aggravated felony].

[5] *See* 8 U.S.C. §§ 1226, 1231.

## II.     Analysis

The writ of error coram nobis is an "extraordinary remedy."[6] The All Writs Act, 28 U.S.C. § 1651(a), authorizes federal courts to issue writs of coram nobis "only under circumstances compelling such action to achieve justice."[7] The writ is available only "when the movant is not in custody and therefore ineligible for habeas corpus relief under 28 U.S.C. § 2255."[8] "[A] movant serving a term of supervised release remains 'in custody' for purposes of § 2255 and cannot file a coram nobis proceeding."[9] Though Galindo asserts in his petition that he "is no longer in custody," Galindo was serving his one-year term of supervised release at the time he filed this petition and thus was "in custody."[10] Galindo provides no evidence, in either his original petition or by a reply to the Government's motion, to refute the Government's evidence that he filed this petition while in custody. Galindo also fails to explain why he could not pursue relief under § 2255.[11] And "district courts should not sua sponte recharacterize a prisoner's petition for post-conviction relief as a § 2255 petition."[12] Because Galindo filed this

---

[6] *United States v. Morgan*, 346 U.S. 502, 511 (1954).

[7] *Id.*

[8] *United States v. Estrada*, 580 F. App'x 672, 673 (10th Cir. 2014); *see also United States v. Denedo*, 556 U.S. 904, 911 (2009); *Rawlins v. Kansas*, 714 F.3d 1189, 1196 (10th Cir. 2013).

[9] *Estrada*, 580 F. App'x at 673.

[10] Mr. Galindo's supervised release began when BOP released him on March 26, 2014. He filed this petition October 27, 2014, within one year of his release. A "[p]etitioner cannot challenge his conviction in a *coram nobis* proceeding [if] he was still 'in custody' *when he filed* his petition." *United States v. Guerrero-Castro*, 488 F. App'x 300, 302 (10th Cir. 2012) (emphasis added).

[11] *United States v. Payne*, 644 F.3d 1111, 1112 (10th Cir. 2011) ("[defendant] is not entitled to [coram nobis] relief unless relief under 28 U.S.C. § 2255 was unavailable or would have been inadequate.").

[12] *United States v. Torres*, 282 F.3d 1241, 1245 (10th Cir. 2002). Still, a district court may "recharacterize a motion as a § 2255 petition where (1) the petitioner, having been made aware of the risks associated with recharacterization, assents, or (2) the district court concludes that the petitioner's motion can only be considered under § 2255 and offers the movant the opportunity to withdraw the motion rather than have it so recharacterized."

request while in custody and therefore while possibly eligible for § 2255 relief, the Court has no authority to consider the extraordinary writ of error coram nobis remedy.

Even if the Court were to reach the merits of Galindo's motion, however, the Court also finds that Galindo's petition fails to establish a claim for post-conviction relief. Galindo must overcome the presumption "that the proceedings leading to [his] conviction were correct" by showing a "jurisdictional or constitutional" error that resulted in "a complete miscarriage of justice."[13] Galindo cannot use the writ to redress "issues that were or could have been raised earlier."[14]

Few of Galindo's arguments actually relate to alleged constitutional error. In fact, only Galindo's ineffective assistance of counsel arguments implicate post-conviction relief. Legal representation violates a defendant's Sixth Amendment right to counsel if that representation "falls below an objective standard of reasonableness, as indicated by prevailing professional norms, and the defendant suffers prejudice as a result."[15] "[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment."[16] A defendant rebuts this presumption by showing that counsel took "completely unreasonable, not merely wrong," actions.[17] Prejudice requires proof

---

*Id.* at 1245–46 (quotation marks omitted). Because Galindo fails to present a colorable claim for post-conviction relief, however titled, the Court declines to formally recharacterize the motion.

[13] *Rawlins*, 714 F.3d at 1196 (quotation omitted).

[14] *Embrey v. United States*, 240 F. App'x 791, 792 (10th Cir. 2007).

[15] *Chaidez v. United States*, 133 S. Ct. 1103, 1107 (2013) (quotation and quotation marks omitted).

[16] *Strickland v. Washington*, 466 U.S. 668, 690 (1984).

[17] *Hooks v. Workman*, 606 F.3d 715, 723 (10th Cir. 2010) (quotation omitted).

that "counsel's errors were so serious as to deprive [him] of a fair trial, a trial whose result is reliable."[18]

Galindo identifies three purported deficiencies in the representation that he received. First, Galindo faults his trial counsel for ineffectively cross-examining the arresting officer. Specifically, Galindo insists that counsel failed to ask the cross-deputized arresting officer questions about his federal authority to arrest Galindo. Galindo even proposes questions that counsel should have but allegedly did not ask. The trial record, however, contradicts Galindo's assertion. The record reveals that trial counsel thoroughly questioned the arresting officer about his involvement in Galindo's case and whether he executed the arrest under state or federal authority. Counsel asked questions that covered the exact subject matter that Galindo disputes in his petition. Accordingly, counsel competently cross-examined Galindo's arresting officer and did not deprive Galindo of a fair trial.[19] Besides, it appears that Galindo's primary objection is that counsel failed to adduce evidence supporting a (meritless) defense theory.

That defense theory also forms the basis for the second performance deficiency that Galindo attributes to trial counsel. Galindo criticizes his trial counsel for failing "to object to the suppression of evidence." Galindo does not identify the specific evidence that counsel allegedly failed to introduce or protect from exclusion. Elsewhere in his petition, however, Galindo claims that the Government and the Court conspired to exclude evidence associated with his state court prosecution. Galindo believes that the Government prosecuted him as punishment for earning dismissal of the state drug charges. He further believes that preliminary hearing testimony from

---

[18] *Strickland*, 466 U.S. at 687.

[19] *See United States v. Madrid*, 2015 WL 4746462, at *3–4 (10th Cir. 2015) (deciding that counsel's assumed failure to cross examine and impeach a certain witness did not prejudice defendant at trial because defendant failed to show the value of additional cross-examination).

the state case, the fact that the state charges were dismissed, and the fact that the federal prosecution followed the dismissal of his state case all undermine the evidence presented against him at his federal trial. Stated otherwise, Galindo believes that counsel failed to advance exonerating evidence.

The Court disagrees. Galindo's opinion of these prosecutions does not show that counsel incompetently defended him. "Counsel is not ineffective for failing to advance a futile argument."[20] The Court ruled that evidence regarding the prior state prosecution was inadmissible because it was irrelevant and highly prejudicial.[21] Constitutionally effective representation involves complying with, not disregarding, court orders. Here, trial counsel acted reasonably in withholding inadmissible (irrelevant and highly prejudicial) evidence.[22] Additionally, the Court disagrees that a reasonable jury who heard such evidence would have acquitted Galindo. This evidence may have prejudiced more than exonerated Galindo.[23] But even the most impartial and apathetic jury would struggle to understand how this evidence refutes or undermines the evidence that the Government produced at trial. Accordingly, the Court finds that counsel did not deprive Galindo of a trial with a reliable outcome.

---

[20] *Scott v. Romero*, 153 F. App'x 495, 497–98 (10th Cir. 2005).

[21] *See United States v. Esquivel-Rios*, 725 F.3d 1231, 1240 (10th Cir. 2013) (explaining that a court may admit evidence of other crimes if, among other things, the evidence: (1) is introduced only for a proper purpose under Federal Rule of Evidence 404(b); (2) is relevant; and (3) has a probative value that is not substantially outweighed by its potential for unfair prejudice under Federal Rule of Evidence 403).

[22] Indeed, even if the Court had not ordered evidence of the state prosecution inadmissible, the strategic decision to avoid such prejudicial evidence is certainly within the bounds of reasonable professional judgment. *See United States v. Roberts*, 417 F. App'x 812, 823 (10th Cir. 2011) ("[Defefndant's] counsel made an informed, strategic decision that further DNA testing posed more of a risk than being able to argue the absence of such evidence and we will not second-guess that choice. Counsel's performance was not deficient.").

[23] *See Wilson v. Trammell*, 706 F.3d 1286, 1305–06 (10th Cir. 2013) ("To resolve whether there was prejudice, . . . . we must consider not just the mitigation evidence that Defendant claims was wrongfully omitted, but also what the prosecution's response to that evidence would have been.").

Finally, Galindo argues that the Sixth Amendment right to counsel required his attorney to "challenge [the] statutory language of 18 U.S.C. § 1546(a)." Like many of Galindo's arguments, this argument lacks precision and indicates that Galindo misunderstands the legal elements of the offenses of which the jury convicted him. Section 1546(a) criminalizes a variety of misconduct involving misidentification and official documents. Galindo mistakenly believes that § 1546(a) required the Government to prove (and counsel to refute) that he committed *all* the prohibited acts. Specifically, Galindo faults counsel for ignoring the Government's failure to prove that he "forge[d], counterfeit[ed], alter[ed], or falsely ma[de]" the Social Security card that he presented to his arresting officer. Importantly, § 1546(a) criminalizes not just the forgery of certain documents, but the possession or use of such unlawful documents. The Government charged Galindo with violating § 1546(a)'s prohibition against possession and use of an unlawfully obtained document prescribed by statute as evidence of authorized stay or employment. The evidence adduced at trial proved that Galindo unlawfully possessed a Social Security card belonging to another individual. Trial counsel did not transgress Galindo's Sixth Amendment right by refusing to adjust his defense to accommodate Galindo's erroneous legal position.[24]

Despite their "prosecutorial misconduct" label, the remaining issues included in Galindo's petition do not implicate post-conviction relief. Rather, these arguments challenge the evidence presented at or withheld from trial. These arguments also misconstrue the applicable law. Initially, Galindo denies, for the reasons discussed above, that the conduct proved at trial meets all the "elements" of § 1546(a). He repeats two unsuccessful arguments from his post-trial

---

[24] Again, "[c]ounsel is not ineffective for failing to advance a futile argument." *Scott*, 153 F. App'x at 497–98.

motion and direct appeal.[25] He (mis)characterizes the Court's decision to exclude evidence related to his state trial as a *Brady* violation.[26] And finally, he disputes the accuracy of certain testimony presented against him at trial. To the extent that these arguments consist of any merit, they already were or could have been raised earlier. Accordingly, these stale arguments fail to establish a redressable injustice.[27]

Because Galindo is ineligible for coram nobis relief, the Court finds no reason to schedule oral argument, denies his petition, and grants the Government's motion to dismiss Galindo's petition.

**IT IS THEREFORE ORDERED** that Defendant's Petition for Writ of Error Coram Nobis and for Oral Argument (Doc. 71) is hereby **DENIED**.

---

[25] First, Galindo argues that the Social Security card he possessed does not constitute "evidence of authorized stay or employment in the United States" because he allegedly never used that card to gain employment. Without qualification, a Social Security card constitutes a document evidencing employment authorization. *See* 8. U.S.C. § 1324a(b)(1)(C)(i). This Court and the Tenth Circuit explained that fact to Galindo in two separate orders.

Second, Galindo disagrees that the evidence at trial shows his arresting officer acted under federal authority. Again, this Court and the Tenth Circuit both decided that sufficient evidence supported the jury's determination that the officer who arrested Galindo acted within the scope of his federal authority.

[26] *See Brady v. Maryland*, 373 U.S. 83, 1196–97 (1963) ("the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment").

[27] *See Embrey*, 240 F. App'x at 792 ("Neither may the writ be employed to litigate issues that were or could have been raised on direct appeal or in other, collateral litigation.").

**IT IS FURTHER ORDERED** that the Government's Motion for Order Dismissing Defendant's Coram Nobis Petition (Doc. 72) is hereby **GRANTED.**

**IT IS SO ORDERED**.

Dated this 2nd day of December, 2015.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE